# NO. 12-13-00230-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FREDRICK HORN,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Fredrick Horn appeals his convictions for manufacture or delivery of a controlled substance and possession of marihuana. He raises four issues on appeal. We affirm.

### BACKGROUND

On September 26, 2011, a Cherokee County grand jury returned a two count indictment against Appellant. The first count alleged that Appellant intentionally or knowingly possessed with intent to deliver, a controlled substance, namely, cocaine, in an amount of two hundred grams or more, but less than four hundred grams.[1] The second count alleged that Appellant intentionally or knowingly possessed a usable quantity of marihuana in an amount of fifty pounds or less, but more than five pounds.

Appellant pleaded "not guilty" to both counts in the indictment, and a jury trial was held. The evidence showed that law enforcement executed a search warrant of Appellant's place of business—an automobile paint, body, and detail shop. Upon conducting the search, officers found 5.34 pounds of marihuana, 368.48 grams of cocaine, drug paraphernalia, a notebook

---

[1] The health and safety code provides that a person commits the offense of "manufacture or delivery of substance in Penalty Group 1" if "the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010).

containing a log of drug transactions, approximately $9,000 in cash in Appellant's vehicle, a firearm, and over $1,300 in cash on Appellant's person.

The jury found Appellant guilty of both counts as alleged in the indictment. The trial court assessed punishment at five years of imprisonment for the possession of marihuana count and seventy-five years of imprisonment for the manufacture or delivery of a controlled substance count. Appellant does not challenge the sufficiency of the evidence supporting his conviction on either count. He contends that reversible error exists because the trial court denied his pretrial motions regarding the validity of the search warrant and the identity of the State's confidential informant.

## INFORMANT IDENTITY PRIVILEGE

In his first issue, Appellant argues that the trial court erred by denying his request for disclosure of the identity of the State's confidential informant. Appellant contends that because he did not know the identity of the informant, he was unable to develop his defense that others had access to the locations where the drugs were found.

### Standard of Review

We review a trial court's ruling on a defendant's motion to disclose the identity of a confidential informant for abuse of discretion. *See **Taylor v. State***, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); ***Haggerty v. State***, Nos. 14-12-00461-CR, 14-12-00462-CR, 2013 WL 3477571, at *5 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (op., not yet released for publication) (citing ***Ford v. State***, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd), *cert. denied*, 549 U.S. 922, 127 S. Ct. 281, 166 L. Ed. 2d 215 (2006)). Under this standard, a trial court's decision will not be disturbed on appeal unless it falls outside the "zone of reasonable disagreement." *Id.*

### Applicable Law

The state has the "privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer . . . conducting an investigation." TEX. R. EVID. 508(a). There are three exceptions to the state's privilege. *See* TEX. R. EVID. 508(c). We construe Appellant's argument as invoking the "Testimony on merits" exception to the privilege. *See* TEX. R. EVID. 508(c)(2). This exception requires disclosure of an informant's identity if "it appears from the

evidence in the case or from other showing by a party that an [informant] may be able to give testimony necessary to a fair determination of a material issue . . . on guilt or innocence in a criminal case. . . ." *Id.*

The burden is on the defendant to show that the informant's testimony may be necessary to a fair determination of guilt or innocence—mere conjecture or supposition about possible relevancy is insufficient. *See Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991) (en banc). The informant's testimony must "significantly aid the defendant." *Id.* The courts have recognized, however, that because the defendant may not actually know the nature of the informant's testimony, he is required to make only a "plausible showing of how the [informant's] information may be important." *Id.*

If the trial court finds there is a reasonable probability that the informant can give testimony necessary to a fair determination of guilt or innocence, the court should order disclosure of the informant's identity. *See* TEX. R. EVID. 508(c)(2); *State v. Sotelo*, 164 S.W.3d 759, 761 (Tex. App.—Corpus Christi 2005, no pet.) (citations omitted).

## Analysis

Appellant called three officers to testify at the hearing on his motion to disclose the confidential informant.[2] The lead detective for the case was James Oden. Detective Oden testified that the confidential informant told him that Appellant was selling drugs at his place of business. Oden had never before received information from this particular informant, and was unsure whether the informant had worked with other law enforcement officers. Oden did not conduct surveillance of Appellant's place of business because it was located on a heavily traveled highway and because the officers' vehicles were "easily" identifiable. Prior to obtaining the search warrant, Detective Oden interviewed the informant and set up two "controlled buys," in which the informant wore a wire that captured an audio and video recording of the transactions.

The first controlled buy occurred on August 9, 2011, and only Appellant and the informant were present during the transaction. The second controlled buy occurred on August 11, 2011, but three other individuals in addition to Appellant and the informant were present during the transaction. Two of the three individuals were named during the hearing. It was not until after the second controlled buy that Detective Oden sought and obtained a warrant

---

[2] The trial court also considered Appellant's motion to suppress at the hearing.

to search the premises of Appellant's business. Officers executed the search warrant the same day as the second controlled buy, and no one other than Appellant was present during their search.

Appellant contends that disclosure of the informant's identity is required because it "may have assisted [his] ability to evaluate the State's theory," and "may have assisted [him] in establishing that others had access to the locations where the drugs were found."[3]

We first note that Appellant was not indicted for delivering cocaine to the informant. The informant was not present when officers executed the warrant, and Appellant did not testify during the hearing on his motion to disclose. The State's theory of the case was that Appellant was a drug dealer and used his place of business to traffic drugs. There is no evidence that shows how disclosure of the informant's identity would have enhanced Appellant's ability to evaluate the State's theory any differently.

Appellant's contention that "others had access to the locations where the drugs were found" raises the issue of whether Appellant had actual possession of the drugs identified in the indictment and whether such possession was intentional or knowing. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2013); TEX. PENAL CODE ANN. § 6.03(a), (b) (West 2011). The fact that there were three other individuals present during the second controlled buy does not show that the informant may have had information material to Appellant's defense. *See* TEX. R. EVID. 508(c)(2); *Bodin*, 807 S.W.2d at 318.

Appellant has failed to make a plausible showing that the informant could give testimony necessary to a fair determination of guilt or innocence, or that the informant's testimony would "significantly aid" his defense.[4]  *See id.* If anything, the evidence shows that testimony from the informant would only bolster the State's theory of the case against Appellant. Thus, Appellant's assertion that the informant could give testimony implicating someone else for the cocaine and marihuana found inside his place of business is based on mere conjecture. *See id.*

---

[3] Appellant also contends that the informant lacked credibility and was not reliable. We address this contention as it relates to Appellant's motion to suppress in a subsequent section of this opinion.

[4] Trial testimony revealed that the vehicles containing the drugs had been on Appellant's property for several months and were alleged to have been burglarized approximately three months earlier. When he reported the burglaries, Appellant told the responding officers that money was taken from the trunk of the vehicles. Officers testified that when they responded to the burglary reports, the trunks to the vehicles had to be manually opened because no battery was inside the vehicles to operate the trunk releases. When the officers executed the search warrant, the vehicles again had no battery, and thus, the trunks were manually opened, revealing the illegal narcotics.

4

The trial court's denial of Appellant's request for disclosure was not outside the zone of reasonable disagreement and was not an abuse of discretion. *See Ford*, 179 S.W.3d at 210 (identity need not be disclosed when informant was neither a participant in the offense for which the defendant is charged nor present when the search warrant was executed). Accordingly, we overrule Appellant's first issue.

EXCULPATORY EVIDENCE

In his second issue, Appellant contends that the trial court erred by denying his request for the production of audio and video recordings of alleged drug transactions between him and the confidential informant. Appellant contends that the recordings contain exculpatory evidence and were subject to production under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

## Applicable Law

The state has a constitutional duty under both the United States and Texas constitutions to disclose evidence favorable to the defendant. *See id.*, 373 U.S. at 87, 83 S. Ct. at 1196-97; *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000); *Thomas v. State*, 841 S.W.2d 399, 402 (Tex. Crim. App. 1992) (en banc). To find reversible error on a *Brady* claim, a defendant must show that (1) the state failed to disclose evidence, (2) the withheld evidence is favorable to him, and (3) the evidence is material. *See Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011).

Evidence is favorable if, when used effectively, it may make the difference between conviction and acquittal. *Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). Favorable evidence includes exculpatory and impeachment evidence. *Pena*, 353 S.W.3d at 811. "Exculpatory evidence" is that which may justify, excuse, or clear the defendant from alleged guilt, and impeachment evidence is that which disputes, disparages, denies, or contradicts other evidence. *Id.* at 811-12.

## Analysis

It is undisputed that the State failed to disclose the alleged *Brady* material by invoking its privilege under Rule 508(a). *See* TEX. R. EVID. 508(a); *Pena*, 353 S.W.3d at 809. The trial court conducted an in camera review of the recordings and denied Appellant's request for production. Although the recordings are not part of the record, Detective Oden testified that one recording shows the first controlled buy between Appellant and the confidential informant—"you can see

5

[Appellant] s[e]t something down on a vehicle and the confidential source s[e]t something down and each pick up the other object." The second recording shows the second controlled buy and the three other individuals that were present during the transaction. Detective Oden could not remember what words Appellant had used in the video, but testified that the informant could be heard talking about what he wanted in the transactions. No other testimony or evidence was presented as to what, if anything else, was depicted in the recordings.

Appellant elicited no testimony during the hearing to show how the recordings would make the difference between a conviction and an acquittal in this case. *See Little*, 991 S.W.2d at 866. The testimony indicates that the recordings would be harmful to Appellant's defense, particularly with respect to the recording of the second controlled buy. The day of the second controlled buy is the same day the search warrant was executed and law enforcement found Appellant with $1,300 in cash on his person. Appellant has not shown that the withheld evidence is favorable; therefore, we need not discuss whether the withheld evidence was "material." *See Pena*, 353 S.W.3d at 809; *see also* TEX. R. APP. P. 47.1. Accordingly, we overrule Appellant's second issue.

## MOTION TO SUPPRESS

In his third issue, Appellant contends that the trial court "erred in failing to exclude the evidence obtained as a result of the execution of a search warrant [because it was] based upon law enforcement[']s use of an undisclosed confidential informant." He contends that the confidential informant is not credible or reliable.

### Standard of Review

Generally, we review a trial court's ruling on a motion to suppress by using a bifurcated standard of review. *See State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011) (citations omitted). But when a trial court is determining probable cause to support a search warrant, there are no credibility determinations, and the trial court is constrained to the four corners of the affidavit. *Id.* We apply a highly deferential standard of review when we review a magistrate's decision to issue a warrant because there is a "constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search." *Id.*

The appellate court will review the supporting affidavit realistically, with common sense, and with recognition that the magistrate may draw reasonable inferences from the facts contained

6

therein. *See State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012); *McLain*, 337 S.W.3d at 271. As long as the magistrate had a substantial basis for concluding that probable cause existed, the court will uphold the magistrate's probable cause determination. *Id.*; *see also Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007) ("The inquiry for reviewing courts . . . is whether there are sufficient facts, coupled with inferences from those facts, to establish a 'fair probability' that evidence of a particular crime will likely be found at a given location.").

## Applicable Law

No search warrant may issue unless a sworn affidavit is first presented to a magistrate setting forth sufficient facts to show that probable cause exists for its issuance. *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2013); *State v. Elrod*, 395 S.W.3d 869, 880-81 (Tex. App.—Austin 2013, no pet.). Probable cause exists if, under the totality of the circumstances presented to the magistrate, there is at least a "fair probability" or "substantial chance" that contraband or evidence of a crime will be found at the specified location. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).

When an affidavit is based almost entirely on hearsay information supplied by a first-time confidential informant, there must be a substantial basis for crediting the hearsay that is presented. *See Duarte*, 389 S.W.3d at 355 (citing *Jones v. U.S.*, 362 U.S. 257, 269, 80 S. Ct. 725, 735, 4 L. Ed. 2d 697 (1960)). Hearsay information from a first-time confidential informant may be deemed credible if the tip is corroborated, a statement against penal interest, consistent with information provided by other informants, a detailed first-hand observation, or coupled with an accurate prediction of the subject's future behavior. *Duarte*, 389 S.W.3d at 356-57 (citations omitted).

## Analysis

Appellant contends that the affidavit used to support the search warrant is based on information that is not credible or reliable because it is supplied by a confidential informant who had a criminal record, spent time in jail, and had not previously worked with law enforcement. This information was not included in the search warrant affidavit, but was elicited from officer testimony during the hearing on Appellant's motion to suppress and motion to disclose.

The warrant in this case is supported by a two page affidavit written by Detective Oden. The affidavit states that the building to be searched is a business location under Appellant's

control and is identified by a sign attached to the front of the building that reads, "Fred's Detail Paint and Body Shop." Oden states that he believes Appellant has possession of and is concealing cocaine at the location and provides the following as the basis for his belief:

> Affiant was advised by confidential informant 05-11 who has recently given true and reliable information that the suspected party and the suspected place is known to traffic in controlled substances to wit: cocaine. Confidential informant 05-11 traveled to the suspected place and made a controlled purchase of a sizeable quantity of cocaine from the suspected party within the last 24 hours. The suspected party was in possession of cocaine at the suspected place. Confidential informant 05-11 personally made contact with the suspected party and purchased a sizeable quantity of cocaine from the suspected party that was being kept at [the] suspected party's location. Confidential informant 05-11 entered onto the property of the suspected place and made contact with [Appellant], who provided the cocaine to confidential informant 05-11. Affiant was aware when confidential informant 05-11 made the deal with the suspected party. Affiant is aware that the property at 520 North Jackson is commonly used as a business where numerous persons associate and gather.

Several reasonable inferences may be drawn from Detective Oden's affidavit.[5] The affidavit begins with a statement that Oden received hearsay information from confidential informant 05-11 that Appellant was trafficking cocaine at his place of business. Oden offers no other hearsay information. It is reasonable to infer that Detective Oden verified the informant's statement because Oden states that (1) he was aware that numerous persons associate and gather at Appellant's place of business, and (2) he knew when confidential informant 05-11 made the transaction with Appellant at his place of business. Furthermore, Oden's description of the confidential informant's purchase of cocaine from Appellant makes it reasonable to infer that he personally observed the transaction he describes.[6]

Detective Oden's description of the controlled purchase, when coupled with reasonable inferences that could be drawn therefrom, provides a substantial basis for crediting the hearsay statement from the confidential informant—that Appellant was trafficking cocaine at his place of business. *See **Duarte***, 389 S.W.3d at 355. As a result, we conclude that the affidavit supports the magistrate's probable cause determination that evidence of the offense of manufacture or

---

[5] While we do not examine facts outside the affidavit, we note that these inferences were confirmed as factual during the motion to suppress hearing.

[6] Detective Oden testified at the hearing on Appellant's motion to suppress and motion to disclose that the confidential informant was wired for both controlled buys and that he watched the recordings from each.

delivery of a controlled substance, namely, cocaine, would likely be found at Appellant's place of business. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010); *Rodriguez*, 232 S.W.3d at 62. The trial court did not err in upholding the magistrate's determination of probable cause. *See McLain*, 337 S.W.3d at 271.[7] Accordingly, we overrule Appellant's third issue.

## CONFRONTATION

In his fourth issue, Appellant contends that the trial court allowed his "right to confront the witnesses against him to be violated by failing to require the disclosure of the identity of the confidential informant."

**Confrontation Rights**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. CONST. amend. VI. The right to confrontation prohibits the admission of testimonial statements unless (1) the witness appears at trial and is cross-examined, or (2) the witness is unavailable to testify, and the accused had a prior opportunity to cross-examine the declarant. *See Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 1369, 158 L. Ed. 2d 177 (2004); *Langham v. State*, 305 S.W.3d 568, 575–76 (Tex. Crim. App. 2010); *see also Adkins v. State*, 418 S.W.3d 856, 861 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citations omitted).

An accused will be denied the opportunity to cross-examine a confidential informant who does not testify at trial. *See Ford*, 179 S.W.3d at 208. But the Confrontation Clause is not implicated when a confidential informant's identity is not disclosed, the informant does not testify, and no testimonial statements from the informant are admitted into evidence at trial. *See Chavez v. State*, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974) (holding that a victim's absence from defendant's trial did not violate Confrontation Clause because she was not a witness against him "since she was not present at the trial and none of her prior testimony was used"); *see also*

---

[7] Although the testimony from the hearing showed that confidential informant 05-11 had a criminal history, and spent time in jail due to "child support difficulties," this evidence does not entitle Appellant to disclosure of the informant's identity. Disclosure under Rule 508(c)(3) is required only when the trial court is not satisfied that the informant was reliable and credible. *See* TEX. R. EVID. 508(c)(3); *Shedden v. State*, 268 S.W.3d 717, 734 (Tex. App.—Corpus Christi 2008, pet. ref'd); *see also Glenn v. State*, Nos. 01-96-00452-CR, 01-96-00453-CR, 1998 WL 224009, at *3 (Tex. App.—Houston [1st Dist.] May 7, 1998, no pet.) (not designated for publication). Here, we have already determined that the trial court was entitled to believe Detective Oden's testimony that the informant was reliable; thus, we conclude that the court did not abuse its discretion by not disclosing the informant's identity. *See Shedden*, 268 S.W.3d at 734; *Glenn*, 1998 WL 224009, at *3.

*Lillard v. State*, 994 S.W.2d 747, 753 (Tex. App.—Eastland 1999, pet. ref'd) ("The trial court did not violate appellant's right to confront witnesses against him because the confidential informant did not testify against him.  The informant merely provided the police a tip. . . .").

**Discussion**

Appellant does not allege that the trial court permitted the admission of testimonial statements from the confidential informant at trial.  The State did not call the confidential informant to testify, nor did it offer any of the informant's statements into evidence at trial.

The right to confrontation does not extend the right of a defendant to have the opportunity to cross-examine any individual who provides information to law enforcement that is not subsequently offered at the defendant's trial.  *See Chavez*, 508 S.W.2d at 386; *Ford*, 179 S.W.3d at 208; *Lillard*, 994 S.W.2d at 753.  Therefore, disclosure of the confidential informant's identity was not required in this case.   Appellant's right to confrontation was not violated.  *See Chavez*, 508 S.W.2d at 386.  Accordingly, we overrule Appellant's fourth issue.

## DISPOSITION

Having overruled Appellant's first, second, third, and fourth issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered May 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 30, 2014**

**NO. 12-13-00230-CR**

**FREDRICK HORN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 18,132)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*