Donald E. STATHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–01325–CR.

Court of Appeals of Texas, Dallas.

Dec. 4, 1984.

Rehearing Denied Jan. 2, 1985.

Raymond G. Wheless, Plano, for appellant.

Roger V. Dickey, Asst. Dist. Atty., McKinney, for appellee.

Before AKIN, VANCE and ALLEN, JJ.

AKIN, Justice.

Donald E. Statham appeals from a conviction of theft of the value of at least $200 but less than $10,000. Appellant contends that the trial court erred in permitting the State, over appellant's objections, to cross-examine and impeach him with evidence of an alleged extraneous offense that did not result in a final conviction. We agree with appellant and, accordingly, reverse and remand the cause to the trial court.

Appellant accepted a check for $300 from the complainant, Jenkinson, as a deposit on the purchase price of a chair that appellant was to order for Jenkinson. Jenkinson never received the chair and appellant did not return the $300 to him. Appellant testified on his own behalf at trial. On cross-examination, the prosecutor questioned appellant regarding an allegation that he had attempted to shoplift some merchandise from a Target store. Appellant objected to this line of questioning and moved for a mistrial on the ground that the State was attempting to bring before the jury an inadmissible extraneous offense. Appellant's objections and motion were overruled.

■ TEX.CODE CRIM.PROC. art. 38.-29 (Vernon 1979)[1] provides that only offenses resulting in final convictions or present probation may be used to impeach a defendant or witness. The convictions that may be used for impeachment purposes are limited to felonies and offenses involving moral turpitude. *Ochoa v. State,* 481 S.W.2d 847 (Tex.Crim.App.1972). Generally, evidence of specific acts of misconduct of a defendant or witness that have not resulted in final convictions are not admissible for impeachment purposes. *Bell v. State,* 620 S.W.2d 116 (Tex.Crim. App.1981); *Hoffman v. State,* 514 S.W.2d

248 (Tex.Crim.App.1974). An exception applies, however, when the testifying defendant makes blanket statements concerning his exemplary conduct such as never having been arrested, charged, or convicted of any offense, or purports to detail his convictions and in doing so gives the jury a false impression that there are no others. *Ex parte Carter,* 621 S.W.2d 786 (Tex. Crim.App.1981); *Ochoa,* 481 S.W.2d at 850. When such blanket statements are made, the State may refute them by introducing evidence of extraneous offenses.

■ In our case, the State points to certain direct testimony of appellant and one of his witnesses, Jacqueline Nguyen, and certain testimony of appellant elicited on cross-examination. The State contends that this testimony, when considered together, constitutes a blanket statement of exemplary conduct through which appellant sought to place before the jury a false impression of his conduct in his business dealings. The State argues that appellant thus "opened the door," allowing the State to cross-examine him about his "business dealings" with a Target store—specifically, about an alleged shoplifting incident at the store that did not result in a final conviction. At the outset, we note that only testimony presented on *direct* examination can be considered in determining whether the testimony constitutes a blanket statement that opens the door for the impeachment of the witness through admission of the extraneous offense. *Shipman v. State,* 604 S.W.2d 182 (Tex.Crim.App.1980). Consequently, we look only to the direct testimony of appellant and Nguyen in determining whether such a blanket statement was made.

■ The direct testimony of appellant which, when examined together with cer-

---

1. Art. 38.29. [732a] Indictment, information or complaint not admissible to impeach witness

    The fact that a defendant in a criminal case, or a witness in a criminal case, is or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired....

tain testimony of Nguyen, purportedly constitutes a blanket statement of exemplary conduct is:

Q. How many different people would you say you bought furniture and other goods for through Jacqueline Nguyen?

A. Probably a dozen; her next door neighbor, the friend Chris lived with, Terry Jenkinson—Chris's father, Terry; Doctor Thong, her boss. I redesigned the beauty shop down there for them.

Q. What place is that?

A. Hair Craft, at Custer and Park Place.

Q. Did you provide all the goods to *these individuals and companies* that you promised?

A. Yes. Everything was delivered without any incident.

Q. Were you paid what you were agreed to be paid?

A. Yes.

Q. No criminal charges were brought against you in connection with any of those?

A. Never.

(emphasis added). The direct testimony of Nguyen at issue is:

Q. Did Don ever try to connive *these people* out of their money?

A. No—you mean try to cheat them?

Q. Yes.

A. No. If you in business and you cheating, they not come back to you, not recommend. (Emphasis Added).

We hold that this testimony, even when considered together, is not a blanket statement of exemplary conduct that would allow the State to introduce allegations of extraneous offenses under the exception to the general rule. The record reflects that the questions of appellant's counsel, and the responses of appellant and Nguyen, were directed only toward appellant's business dealings with customers obtained through referrals from Nguyen. The testimony concerned a specific group of transactions and was not, as the State would have us hold, a blanket statement going to *all* of appellant's various business dealings.

An examination of cases discussing the "blanket statement exception" to the general rule of inadmissibility supports our holding. The types of statements held to open the door for admission of extraneous offenses are truly "blanket" in scope: statement that defendant had never been convicted of a felony or misdemeanor, *Orozco v. State,* 301 S.W.2d 634 (Tex.Crim. App.1957); statement that defendant had never before been called to testify as a defendant in any case, *Stephens v. State,* 417 S.W.2d 286 (Tex.Crim.App.1967); statement that defendant had never been involved with a particular type of crime, *Page v. State,* 486 S.W.2d 300 (Tex.Crim. App.1972), *Hamilton v. State,* 480 S.W.2d 685 (Tex.Crim.App.1972); statement that defendant had never had any complaints lodged against him, *Hoffman v. State,* 514 S.W.2d 248 (Tex.Crim.App.1974); and statement by defendant detailing only *part* of his prior criminal record, thereby implying that he had recited his record in its entirety, *Ex parte Carter,* 621 S.W.2d 786 (Tex. Crim.App.1981), *Bell v. State,* 620 S.W.2d 116 (Tex.Crim.App.1981), *Reese v. State,* 531 S.W.2d 638 (Tex.Crim.App.1976), and *Nelson v. State,* 503 S.W.2d 543 (Tex.Crim. App.1974). The testimony in the instant case does not rise to the level of a "blanket statement." Rather, a limited number of specified business transactions were discussed. Consequently, the trial court erred in permitting the State to bring evidence of the alleged Target shoplifting incident before the jury. Accordingly, we reverse and remand.