TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00084-CR







Troy Antoine Sanders, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,310, HONORABLE RICK MORRIS, JUDGE PRESIDING








 A jury convicted appellant Troy Antoine Sanders of capital murder. Act of April
16, 1985, 69th Leg., R.S., ch. 44, § 1, 1985 Tex. Gen. Laws 434 (Tex. Penal Code Ann.
§ 19.03(a)(2), since amended). The State had previously informed the court it would not seek the
death penalty, and as a result, the jury assessed punishment of life imprisonment. In four points
of error, appellant claims his conviction should be reversed. We will affirm the judgment of
conviction.



BACKGROUND


 Elizabeth Hibbs, a sometime prostitute, testified at trial that on May 3, 1994
appellant agreed to give her a ride to the home of Clifford Cutsinger, the victim in this case. 
Upon arriving at Cutsinger's home, Hibbs promised to meet appellant later to pay him for the
ride. Appellant followed Hibbs and Cutsinger as they left the residence, drove to a rural area,
and stopped. Appellant pulled up beside them and demanded money from Hibbs. When Hibbs
refused, appellant shot Cutsinger and ordered Hibbs to get in his car. Appellant then took
Cutsinger's wallet and gave it to Hibbs to remove the money. The wallet was later recovered and
turned in to the Copperas Cove Police Department.

 On May 12, 1994, a person identified as appellant sold a nine millimeter pistol to
Coy Charping at the Top Loan Pawn Shop in Killeen, Texas. A forensics examiner test-fired the
gun and determined it was the gun that had been used to kill Cutsinger. The gun and the vehicle
driven by appellant belonged to Ingrid Smith, who lived with appellant.



 DISCUSSION


 In his first point of error, appellant claims the trial court erred in refusing to
instruct the jury to disregard an improper question, and in his second point of error, he claims the
trial court erred in not granting his motion for mistrial following a second improper question. 
Appellant alleges that both questions were asked in violation of a pre-trial motion in limine and
that, because the questions were clearly calculated to inflame the minds of the jury, he was denied
a fair trial.

 During the State's cross-examination of witness Ingrid Smith, the prosecutor asked:



Q: Why do you not work at Wash-N-Save any longer?

 

A: Because I was dismissed.


Q: Because you were stealing from them?


[Appellant's counsel]: Your Honor, I object. Your Honor, may we approach?



The question was not answered, and the record reflects that appellant's counsel requested an
instruction to disregard and moved for mistrial, both of which were denied. The State then
launched into an entirely different line of questioning, and the record reflects the subject was
never touched again. Appellant's first point of error complains that the trial court erred in
denying him an instruction to disregard.

 The credibility of any witness may be impeached by any party. Tex. R. Crim.
Evid. 607. Only offenses resulting in final convictions may be used to impeach a defendant or
a witness, however, and these convictions must be either felonies or offenses involving moral
turpitude. See Tex. R. Crim. Evid. 609(b); Statham v. State, 683 S.W.2d 89, 90 (Tex.
App.--Dallas 1984, no pet.). Courts rarely reverse a conviction of a crime strictly based on asking
an improper question. Guzmon v. State, 697 S.W.2d 404, 408 (Tex. Crim. App. 1985), cert.
denied, 475 U.S. 1090 (1986); Gonzalez v. State, 685 S.W.2d 47, 49 (Tex. Crim. App. 1985),
cert. denied, 472 U.S. 1009 (1985). To cause a reversal, the question must be obviously harmful
to the defendant. Gonzalez, 685 S.W.2d at 49. To decide whether such a question rises to the
level of reversible error, the reviewing court must examine the entire record, the nature of the
evidence sought, and its potential relationship to other testimony in order to determine the
probability of injury to the defendant. Guzmon, 697 S.W.2d at 408.

 Here we are faced with the prosecutor questioning a witness about her own alleged
criminal conduct in violation of a pre-trial motion in limine. The question was not directed to the
defendant and drew an objection before it could be answered. We do not believe it was obviously
harmful to the defendant. After examining the entire record, the surrounding circumstances, and
the nature of the evidence sought, we find that no injury resulted to defendant and thus do not find
reversible error. See Tex. R. App. P. 81(b)(2). Therefore, we overrule appellant's first point
of error.

 During the State's cross-examination of witness Toneika James, the prosecutor
asked:



Q: Now, your name is Toneika James?


A: Toneika Rene' James.


Q: Today.


A: It has been since I married my husband Sergeant First Class Gary Ray James.


Q: Is he still alive?

 

A: Yes, he is.

 

Q: He's not the one you're suspected of having killed in California?


[Appellant's counsel]: Objection, your Honor.


A: I never. . .

 

[Appellant's counsel]: Your Honor, this is an extraneous offense. We would
object to it on that basis. It is not. . .

 

The Court: Your objection is sustained.


[Appellant's counsel]: We would ask the jury to disregard.

 

The Court: I'll instruct the jury to disregard the last question.

 

[Appellant's counsel]: And we would ask for a mistrial.

 

The Court: Your request for a mistrial is overruled.



Appellant's second point of error complains that the trial court erred in not granting his motion
for mistrial. The record clearly shows the trial court sustained appellant's objection to the
improper question and issued an instruction to the jury to disregard the question. Any error in
asking such a question is generally cured by an instruction to disregard the question. Guzmon,
697 S.W.2d at 408. The exception is where the question or evidence is clearly calculated to
inflame the minds of the jury and is of such character as to suggest the impossibility of
withdrawing the impression produced in their minds. Id. To cause reversible error, in spite of
the instruction, the question must harm the defendant. Id. As with point of error one, the
improper question here causes minimal harm, if any, to the defendant. Thus, any error caused
by this question was cured by the instruction to disregard and, even if it was not, the error does
not rise to the level of reversible error. Point of error two is overruled.

 In his third point of error, appellant claims his trial counsel rendered ineffective
assistance. Appellant argues that his counsel's failure to secure a ruling on a motion for discovery
resulted in an extremely prejudicial letter being introduced into evidence. In the letter, appellant
asked Eric Corley to lie under oath and to testify that another person had committed the murder. 
Appellant claims he would not have testified had the letter been revealed in discovery. Appellant
further argues that a failure to pursue discovery can constitute ineffective assistance of counsel.

 A criminal defendant is entitled to reasonably effective assistance of counsel. 
Jimenez v. State, 804 S.W.2d 334, 338 (Tex. App.--San Antonio 1991, pet. ref'd). Reasonably
effective assistance of counsel does not mean a right to errorless representation, and a reviewing
court should not judge competency by hindsight. Stafford v. State, 813 S.W.2d 503, 506 (Tex.
Crim. App. 1991). In order to be successful, a criminal defendant must first show that the
defense counsel's performance was so deficient as to deprive the defendant of his Sixth
Amendment right to counsel and must further show the errors, in effect, deprived the defendant
of a fair trial. Stafford, 813 S.W.2d at 505 (quoting Strickland v. Washington, 466 U.S. 668, 687
(1984)). In evaluating the performance of counsel, the reviewing court views counsel's conduct
with a strong presumption the conduct was adequate. Id. (quoting Strickland at 688-89).

 In this case, the trial testimony shows that this letter was not the only evidence
showing appellant's attempts to induce someone to lie about the murders. Mel Knowles, a witness
who had been in jail with appellant, testified at trial that appellant asked him to tell police that
Knowles was present at the murder and that a man named T-Bone committed the act. The record
also reflects appellant's counsel advised appellant not to testify. Further, the record shows that
appellant had full knowledge of Mr. Corley's ability to damage his credibility and even asked his
counsel if Corley would be testifying against him.

 After viewing the entire record, we cannot conclude that appellant's trial counsel
committed an error so serious it deprived appellant of a fair trial. Accordingly, we overrule point
of error three.

 In his fourth point of error, appellant claims improper statements contained in the
prosecutor's closing argument resulted in an unfair trial. Referring to appellant, the prosecutor
stated "Troy Sanders is Lucifer himself. Troy Sanders is devil." The record reflects that
appellant did not object to this comment at trial. He therefore waived any error regarding this
comment. Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993); Espinoza v. State, 843
S.W.2d 729, 730 (Tex.App.--Austin 1992, pet. ref'd). Even if the argument was considered to
be improper, an improper jury argument will not rise to the level of reversible error unless the
argument is extreme or manifestly improper, is violative of a mandatory statute, or injects new
facts, harmful to the accused, into the record. Brown v. State, 692 S.W.2d 497, 502 (Tex. Crim.
App. 1985); see also Long v. State, 823 S.W.2d 259, 270 (Tex. Crim. App. 1991), cert. denied,
112 S. Ct. 3042 (1992). After reviewing the entire record, we do not believe these comments
would rise to the level of reversible error even if error had been properly preserved. 
Accordingly, appellant's point of error four is overruled.




 CONCLUSION


 The judgment of the trial court is affirmed.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: November 8, 1995

Do Not Publish




d at 408. The exception is where the question or evidence is clearly calculated to
inflame the minds of the jury and is of such character as to suggest the impossibility of
withdrawing the impression produced in their minds. Id. To cause reversible error, in spite of
the instruction, the question must harm the defendant. Id. As with point of error one, the
improper question here causes minimal harm, if any, to the defendant. Thus, any error caused
by this question was cured by the instruction to disregard and, even if it was not, the error does
not rise to the level of reversible error. Point of error two is overruled.

 In his third point of error, appellant claims his trial counsel rendered ineffective
assistance. Appellant argues that his counsel's failure to secure a ruling on a motion for discovery
resulted in an extremely prejudicial letter being introduced into evidence. In the letter, appellant
asked Eric Corley to lie under oath and to testify that another person had committed the murder. 
Appellant claims he would not have testified had the letter been revealed in discovery. Appellant
further argues that a failure to pursue discovery can constitute ineffective assistance of counsel.

 A criminal defendant is entitled to reasonably effective assistance of counsel. 
Jimenez v. State, 804 S.W.2d 334, 338 (Tex. App.--San Antonio 1991, pet. ref'd). Reasonably
effective assistance of counsel does not mean a right to errorless representation, and a reviewing
court should not judge competency by hindsight. Stafford v. State, 813 S.W.2d 503, 506 (Tex.
Crim. App. 1991). In order to be successful, a criminal defendant must first show that the
defe