Affirmed and Memorandum Opinion filed May 29, 2008








Affirmed and Memorandum Opinion filed May 29, 2008.

  


                                                                                                               In
The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00322-CR

_______________

 

VU HOANG NGUYEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1004299

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Vu Hoang Nguyen appeals from a murder
conviction contending that the trial court abused its discretion denying his
request for a mistrial after the State (1) asserted in opening statement that a
witness who was unavailable to testify had identified him in a photo lineup;
(2) stated that defense counsel was trying to Amislead the jury@ during cross-examination of the
State=s key eyewitness; (3) asserted that a
defense alibi witness had a gun and was present at the shooting; and (4)
elicited testimony from a police officer that he provided a false name to
police when he was arrested in California.  We affirm. 

 








Background

Shortly after 4 a.m. on October 15,
2004, the Houston Police Department received a 911 call reporting a shooting. 
Because the caller gave an incorrect address, it took emergency responders 30
minutes to reach the scene at an apartment at 10211 Sugar Branch in Houston,
Texas.

Detective Todd Miller was called at
5:20 a.m. and went to the scene to investigate.  Detective Miller spoke to two
witnesses, Vu Van Tran and Van Bang Nguyen.[1] 
He also saw the decedent, Hung Nguyen, who had been shot repeatedly.  No murder
weapon was recovered.

Detective Miller interviewed
Van Bang Nguyen, who told Detective Miller that he was in the apartment with
Hung Nguyen and Vu Van Tran when four men arrived.  The four men wanted to
purchase cocaine from Hung Nguyen, a known cocaine dealer.  One of the four was
appellant, known locally as AJoker.@  Vu Bang Nguyen testified that Hung Nguyen looked at
appellant and appellant responded, AWhat are you looking at?@  Van Bang Nguyen testified that
appellant then grabbed a gun from one of the other three men who had entered
the apartment with him and pointed it at Hung Nguyen.  Hung Nguyen responded, ADo you dare to shoot me?@ Van Bang Nguyen testified that
appellant then shot Hung Nguyen six times, killing him.  During the
altercation, one of the three men who accompanied appellant attempted to wrest
the gun from appellant and was shot in the hand.  Appellant and the other three
men fled the scene.








Detective Miller noted that a trail
of blood was found leading from the apartment and going down the stairs.  Six
.9 mm shell casings were recovered from the floor of the apartment, and six
holes were noted in the wall.  Five bullets also were recovered.  The apartment
showed no signs of a struggle or forced entry.  Detective Miller put together a
photo lineup with a picture of appellant; the two witnesses, Vu Van Tran and
Van Bang Nguyen, picked appellant from among the photos and identified him as
the shooter.

On March 22, 2005, appellant was
arrested in Huntington Beach, California.  Although appellant gave the police a
false name, appellant=s identity eventually was determined and he was linked to a
warrant put out by the Houston Police Department.  Detective Miller went to
California and interviewed appellant.  Appellant thereafter was transferred to
the custody of the Houston Police Department.

Appellant pleaded not guilty on
November 14, 2006, and was found guilty by a jury on April 2, 2007, after a
five-day trial.  Appellant was sentenced to confinement for 30 years. 
Appellant timely filed this appeal.

Appellant assigns error based on
three instances during trial involving assertions by the State, and one
instance in which the State elicited inadmissible testimony.  In each instance,
appellant=s counsel objected; the objection was sustained; and the jury was
instructed to disregard the objectionable statements and testimony.  Appellant=s counsel also requested a mistrial
after each instance, which the trial court denied.  On appeal, appellant
assails the trial court=s refusal to grant a mistrial.

Standard of Review








A mistrial is appropriate only for Ahighly prejudicial and incurable
errors.@  Wood v. State, 18 S.W.3d
642, 648 (Tex. Crim. App. 2000).  It is a mechanism to end a proceeding when
the trial court faces prejudicial error that makes continuance wasteful and
futile.  Id.  A trial court=s denial of a motion for mistrial is
reviewed for abuse of discretion.  Hawkins v. State, 135 S.W.3d 72, 77
(Tex. Crim. App. 2004); Wood, 18 S.W.3d at 648.  When an
appellant is not contesting the trial court=s ruling on his
objection, but rather the denial of a new trial, the denial should be upheld unless it falls
outside the zone of reasonable disagreement.   See Archie v. State,  221
S.W.3d 695, 699 (Tex. Crim. App. 2007); see also Ladd v. State, 3 S.W.3d
547, 567 (Tex. Crim. App. 1999) (denial of mistrial is reviewed for abuse of
discretion when improper question is asked and objection is sustained and
instruction is given to jury to disregard).

When the court has instructed the
jury to disregard evidence or an improper statement, the jury is presumed to
have followed the instruction.  Hawkins, 135 S.W.3d at 77.  In
determining whether a new trial nonetheless is mandated despite the instruction
to disregard, we look at the facts and circumstances of the case to see if the
trial court=s instruction cured the presentation of objectionable matters before the
jury.  See id. (prosecutor=s improper statement of the law); Hinojosa
v. State, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999) (irrelevant testimony); Hernandez
v. State, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990) (improper inference of
prior wrongdoing); Gonzalez v. State, 685 S.W.2d  47, 49 (Tex.
Crim. App. 1985) (question referencing improper testimony of previous charges
that fell short of convictions); Austin v. State, 222 S.W.3d 801, 815
(Tex. App.CHouston [14th Dist.] 2007, pet.  ref=d) (prejudicial evidence of decedent=s murder); Herrero v. State,
124 S.W.3d 827, 835 (Tex. App.CHouston [14th Dist.] 2003, no pet.) (improper testimony
admitted).  AGenerally, a mistrial is only required when the
improper evidence is >clearly calculated to inflame the minds of
the jury and is of such a character as to suggest the impossibility of
withdrawing the impression produced on the minds of the jury.=@  Hinojosa, 4 S.W.3d at 253
(quoting Gonzalez, 685 S.W.2d at 48-49).  AOnly in extreme circumstances, where
the prejudice is incurable, will a mistrial be required.@  Hawkins, 135 S.W.3d at 77; see
also Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).   








AIn analyzing whether the prejudicial
event is so harmful that the case must be redone, we consider (1) the
prejudicial effect; (2) the curative measures taken; and (3) the certainty of
conviction absent the prejudicial event.@  Mosley v. State, 983 S.W.2d
249, 259 (Tex. Crim. App. 1998); see also Hawkins, 135 S.W.3d at 77
(adopting Mosley factors to evaluate whether the trial court abused its
discretion in denying a mistrial for improper argument); Austin, 222
S.W.3d at 815 (applying the factors set forth in Mosley).  In most
cases, Aa prompt instruction to disregard
will cure error associated with an improper question and answer.@  Ovalle v. State, 13 S.W.3d
774, 783 (Tex. Crim. App. 2000). 

Analysis

1.         Reference
to Vu Van Tran During Opening Statement

Appellant=s first issue contends that the trial
court erred in denying a mistrial after the State asserted in opening statement
that witness Vu Van Tran, who was unavailable to testify, had identified
appellant in a photo lineup.  Appellant contends this statement was improper
because an eyewitness= out-of-court identification of a defendant is hearsay if the
eyewitness is unavailable to testify at trial.  See Tex. R. Evid.
801(e)(1)(C); Williams v. State, 531 S.W.2d 606, 611 (Tex. Crim. App.
1976); Jackson v. State, 846 S.W.2d 411, 414 (Tex. App.CHouston [14th Dist.] 1992, pet.
denied).

The following dialogue took place at
trial:

THE STATE: There were two witnesses that were there
with Hung the night Hung died B Vu Tran and
Bang Nguyen.  They spoke with Detective Miller; and based on the information
that they provided, he put together a photo array.  In that photo array was a
picture of this defendant.  And Detective Miller will testify that both
witnesses picked that defendant=s picture.

 

DEFENSE: Excuse me.  You know, I=m going to object to that.

 

THE COURT: That=s
sustained.

 

DEFENSE: And I ask that the jury be instructed to
disregard.

 

THE COURT: The jury is instructed to disregard the
last comment made by the prosecutor.

 

DEFENSE: And we move for a mistrial.  That was clearly
made B 

 

THE COURT: Overruled.

 








Thus, it is clear appellant made a
timely objection and received a favorable ruling, including an instruction for
the jurors to disregard the prosecutor=s comment. Appellant contends the
trial court nonetheless should have granted a mistrial. 

As a threshold matter, it is
debatable whether the prosecutor=s statement about Vu Van Tran=s out-of-court identification of
appellant was improper.  It is not error for the State to tell the jury during
opening what she expects to prove at trial even if she does not subsequently do
so.  See Matamoros v. State, 901 S.W.2d 470, 475 (Tex. Crim. App. 1995).


Our sister court addressed this
situation in a case in which the State=s opening statement included a claim
that a watch was found in defendant=s car, but the State failed to put on
any evidence of this fact at trial. Singleton v. State, 881 S.W.2d 207,
215 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).  During deliberations, the jury
asked for a copy of the opening statement concerning the watch.  Id.  The
appellate court found no error and noted that the State is entitled to set out
during opening argument what it intends to prove even if it fails to do so at
trial.  Id.








 Additionally, an out-of-court
identification is not hearsay when it is used to show how a defendant became
the subject of the investigation.  See Dinkins v. State, 894 S.W.2d 330,
347 (Tex. Crim. App. 1995); Lillard v. State, 994 S.W.2d 747, 751 (Tex.
App.CEastland 1999, pet. ref=d) (when offered to show why a
warrant was issued, testimony of an unidentified informant, otherwise hearsay,
is admissible).  The statement here potentially related to the testimony given
at trial by Officer Todd Miller that appellant became a person of interest
based upon the accounts of two witnesses and the identification of the
appellant in a photo lineup by these witnesses.  Officer Miller=s trial testimony was admissible if
it was not offered to prove the truth of the matter therein discussed B that appellant was the shooter B but was offered instead to show why
appellant first became a suspect.  See Jones v. State, 843 S.W.2d 487,
499 (Tex. Crim. App. 1992); Lillard, 994 S.W.2d at 751.  The statement
during opening introduced no facts outside the record because it related to
Officer Todd=s testimony concerning how appellant became a person of interest in the
first place.  Cf. Kerns v. State, 550 S.W.2d 91, 96 (Tex. Crim. App.
1977) (prosecutor=s jury argument may be reversible error when it introduces
new, harmful facts that are outside the record). 

Assuming that the statement was
improper because it related to an out-of-court identification by an unavailable
witness, we analyze it under Mosley and consider (1) the prejudicial
effect of the event; (2) curative measures taken in response to the prejudicial
event; and (3) the certainty of conviction absent the prejudicial event.  Mosley,
983 S.W.2d at 259; see also Austin 222 S.W.3d at 815.  

We first consider the prejudicial
effect.  Any such effect is attenuated when the information otherwise is
properly admissible.  See Banks v. State, 643 S.W.2d 129, 133 (Tex.
Crim. App. 1982) (Aopening remarks about evidence which was
thereafter properly admitted did not constitute error@); Hullaby v.
State, 911 S.W.2d 921, 928 (Tex. App.CFort Worth 1995,
pet. ref=d) (Aonce such evidence
is presented to the jury, it removes any error there may have been in the
making of the opening statement@); see also Reyes v. State, 84
S.W.3d 633, 638 (Tex. Crim. App. 2002) (error in admission of evidence is
harmless if cumulative of evidence properly admitted elsewhere).  In this case,
appellant challenges the reference made in the State=s opening argument to a second
witness identifying appellant in a lineup.   Any prejudice from this statement
is attenuated at best because the same information came to the jury via Officer
Miller=s testimony as he described how
appellant became a suspect in the case.  He testified without objection at
trial concerning the development of the appellant as a suspect and the
identification of the suspect by both witnesses: AI presented the photo array, first,
to Vu Tran after giving him some admonishments.  And then, secondly, I
presented it to Bang Nguyen after giving him the same admonishments.@  The first Mosley element
weighs in favor of the State.








Turning to curative measures, the
trial court sustained appellant=s objection to the State=s opening argument and instructed the
jury to disregard it. The trial court gave an immediate and appropriate
instruction to the jury to disregard the prosecutor=s statement that a second individual
had identified appellant.  Such an instruction is presumed to be effective; the
burden of rebutting this presumption lies with the appellant, who must come
forward with some evidence that the jury disregarded the instruction.  Hinojosa,
4 S.W.3d at 253; Waldo v. State, 746 S.W.2d 750, 752 (Tex. Crim. App.
1988) (an instruction corrects the admission of improper evidence except in
extreme situations where such admittance Ais clearly calculated to inflame the
minds of the jury@); see also Thrift v. State, 176 S.W.3d 221, 224 (Tex.
Crim. App. 2005).  This is not an extreme situation; there is no indication
that the jury disregarded the instruction; and the second Mosley element
therefore weighs in favor of the State.

 We next address the certainty of
conviction absent the prejudicial event.  Mosley, 983 S.W.2d at 259.  In
this case, no weapon was recovered.  There was no DNA, fingerprint, or other
forensic evidence.  There was no confession.  The State=s case against appellant relied
heavily on the testimony of one witness, Van Bang Nguyen.  His trial testimony
was inconsistent in certain respects with statements he made at the scene of
the crime.  At the scene, Van Bang Nguyen told police he had been asleep when
the group of men including appellant entered the apartment, and that he had
hidden in his room when he heard the gun shots.  At trial, Van Bang Nguyen
testified that he came into the living room as the four men entered; that he
was present in the room during the shooting; and that he saw appellant=s companion get shot in the hand. 
Van Bang Nguyen=s statement on the evening of the shooting also contained
fewer details than the testimony given at trial B omitting information such as the
nickname of the alleged shooter, AJoker,@ and the fact that an individual had
tried to intervene and had received a gunshot wound to the hand.








At the time of trial, Van Bang Nguyen
had three prior felony convictions for aggravated robbery.  The appellant
proffered evidence that Van Bang Nguyen was Arecruited@ to be a witness by the brother of
the deceased.  The appellant also put on three witnesses who supported
appellant=s alibi that he was elsewhere on the night of the murder.  That alibi
testimony was challenged by the State, which relied on evidence concerning the 
use of appellant=s cell phone as determined by the location of Apings@ off cell phone towers in the
vicinity of the murder.  Circumstantial evidence showed that appellant largely
ceased using his cell phone after the shooting, and that he could not be
located by police for questioning.  The State also put on evidence of appellant=s relocation to California
immediately after the shooting, and appellant=s long absence even though the bar he
owned was left in the hands of two young friends who had Arun it into the ground@ in his absence.            The jury
was given an eyewitness account.  The jury was allowed to weigh Van Bang Nguyen=s credibility.  The jury also was
presented with circumstantial evidence upon which it could base its conviction.
Circumstantial evidence is as probative as direct evidence, and sufficient in
itself in establishing a party=s guilt.  Hooper v. State, 214 S.W.3d 9, 13 (Tex.
Crim. App. 2007).

After weighing the Mosley factors,
we determine that the trial court acted within its discretion in denying a
mistrial.  It cannot be said on this record that the jury is unlikely to have
convicted appellant without the challenged statement during opening.   When, as
here, an instruction is given, we presume that the jury followed the
instruction and made its determination of guilt based on the evidence before
it.  Hinojosa, 4 S.W.3d at 253.  ATo constitute reversible error, the
prosecutor=s comment in his opening statement has to be so egregious that its
prejudicial effect cannot be cured by an instruction to disregard.@  See Lillard, 994 S.W.2d at
751.  The State=s comment was not so egregious that the trial court abused
its discretion in denying a mistrial.  

Appellant=s first issue is overruled.  

2.
        Statement that Defense Counsel was Trying to AMislead the Jury@








Appellant=s second issue contends that the
trial court erred in denying a mistrial when the State asserted that defense
counsel was trying to Amislead the jury@ during cross-examination of the
prosecutor=s key eyewitness. This statement was made after defense counsel
referenced Van Bang Nguyen=s apparent ability to understand and respond in English to
questions in English from the State, and his apparent difficulty in
understanding and responding in English to defense counsel=s questions in English.  Defense
counsel ultimately requested a translator to facilitate the questioning of Van
Bang Nguyen.  Thereafter, the following exchange took place at trial and in the
presence of the jury:

DEFENSE: Isn=t
it the truth that you answered her English language questions and you answered
them in English?

 

WITNESS: Yes, I recall; but my English is not very
good.

 

DEFENSE: Well, I can tell that.  But my question
really is: You didn=t ask for or we didn=t have a translator until I started asking you questions, isn=t that true?

 

THE STATE: Objection your honor. Counsel is attempting
to B 

 

THE COURT: Overruled

 

THE STATE: B mislead this jury

 

THE COURT: Overruled

 

DEFENSE: Wait a minute, I object to that statement.

 

THE COURT: Overruled. Have a seat.

. . . 

 

DEFENSE: I don=t
want to let that statement that I=m
trying to mislead the jury to pass, your honor.  I objected to that.  I ask
that the jury be instructed to disregard it.

 

THE COURT: Your objection was sustained, and the jury
is instructed to disregard the last comment made by the prosecutor.  

 

DEFENSE: And I respectfully move for a mistrial
because the district attorney is accusing me of trying to mislead the jury.

 

THE COURT: Overruled.

 








Once again appellant made an
objection that was sustained with a corresponding instruction to disregard.  We
review the trial court=s decision to deny a mistrial based on this episode for abuse
of discretion.  Hawkins, 135 S.W.3d at 77.

Turning to the first Mosley factor
regarding prejudicial effect, appellant contends that the State=s comment was an impermissible strike
at the appellant over counsel=s shoulder.  Appellant compares the comment to an exchange
described in Fuentes
v. State, 664 S.W.2d
333 (Tex. Crim. App. 1984).  In Fuentes, the prosecutor objected
to defense counsel=s assertion that the defendant had been
held for 15 days Abefore they delivered him to the Dallas
County Sheriff, who then put him in Parkland Hospital for treatment to recover
from the beatings that [police] gave him.@  Id. at
335.  The prosecutor responded, AOh, Judge, we
object to that, he is in bad faith like usual and we object to it. That is a
bunch of garbage and he knows it.@  Id.  The
trial  court sustained the prosecutor=s objection and
instructed the jury to disregard defense counsel=s comments.  Id.
On appeal, the defendant complained of the prosecutor=s statement; the
appellate court agreed and granted a new trial because the Aprosecutor=s comment was
manifestly improper, harmful, and prejudicial, thus constituting reversible
error.@ Id. at 337.  

In the case before us, the challenged
statement was as follows: AObjection your honor. Counsel is attempting to . . . mislead
the jury.@[2]  This statement is substantially
less severe than the comment made in Fuentes.  The statement here did
not describe defense counsel as habitually engaging in dishonest trial tactics
and did not describe defense counsel=s statements as Aa bunch of garbage.@








During the colloquy following the
State=s objection, appellant=s counsel acknowledged he erroneously
had said that Van Bang Nguyen asked for a translator; in fact, defense counsel
had requested the translator.   When the defense makes an erroneous statement,
the State is entitled to have it corrected.  See Cole v. State, 194
S.W.3d 538, 547 (Tex. App.CHouston [1st Dist.] 2006, pet. ref=d) (ARather, the
comment, albeit inappropriately stated, was in response to the prosecutor=s evident belief
that defense counsel was misleading the jury on the appropriate sentencing
range@); cf. Casas v. Paradez, No.
04-06-00417-CV, 2007 WL 2479602, at *7 (Tex. App.CSan Antonio Sept. 05, 2007, no pet.)
(one element to consider in determining whether to reverse a conviction based
on an improper jury argument is whether the argument was invited or provoked). 
Appellant=s counsel stated during a side-bar discussion: AI requested [the translator] once
[Van Bang Nguyen] said he couldn=t answer my question . . . I have
said that.  It is true.@  The trial court then asked defense counsel to Aclarify that for the jury@ to which appellant=s counsel responded Asure.@  The effect of the prosecutor=s statement was minimal under the
circumstances, and the first Mosley factor weighs in favor of the State.

The second Mosley factor also favors
the State because of the curative measure taken in this case.  In contrast to Fuentes,
where the trial court sustained the prosecution=s objection to defense counsel=s question, the trial court here
sustained appellant=s objection to the prosecutor=s statement and instructed the jury
to disregard that statement.  Because the trial court instructed the jury not
to consider this statement, this court presumes the jury based its decision only
on the admissible evidence before it.  See Hawkins, 135 S.W.3d at
77.  The trial court in Fuentes did not entertain a defense motion to
strike the comment because none was requested, and the jury therefore was free
to consider that comment in its deliberations and decision.  In this case, the
trial court overruled the prosecution=s objection even before the statement
was finished, doing so again when the State attempted to finish the statement. 
Unlike Fuentes, the trial court here also instructed the jury to
disregard the prosecutor=s comment.  See Hinojosa, 4 S.W.3d at 253.  For these
reasons, the second Mosley factor weighs in the State=s favor. 








The third Mosley factor
regarding certainty of conviction weighs in the State=s favor  for the same reasons as
those discussed in connection with appellant=s first issue.  Absent the prosecutor=s single reference to Aattempting to . . . mislead the jury@ following an erroneous statement by
appellant=s counsel, we cannot say the jury is unlikely to have convicted
appellant.

Appellant=s second issue is overruled.

3.
        Reference to Sundeep Majumder as AThe Man with the Gun@

Appellant=s third issue contends that the trial
court erred in denying a mistrial after the prosecution erroneously suggested
that Sundeep Majumder, a defense alibi witness, had a gun and was present at
the shooting.  The following exchange took place:

THE STATE: Isn=t
it true that on the night Hung Nguyen died, you were the man with the gun in
that apartment?

 

WITNESS: No ma=am.

 

DEFENSE: You know, now I object to that.  That=s bad faith.  May we have the jury removed?

 

THE COURT: Let=s
take the jury out, please.

(Jury leaves courtroom)

 

*                      *                      *

 

DEFENSE: And, of course, I=ve requested that instruction; but I=m afraid it=s
not good enough to cure the harm.  So, I=m
going to move for a mistrial also.

 

THE COURT: I=ll
do it really good. Overruled.

(Jury enters courtroom)

 

THE COURT: Be seated, please.  All right.  Members of
the jury, when we broke there was a question that was asked of this witness by
the prosecutor.  I=m going to ask you to specifically disregard that
question and disregard any evidence B
not any evidence B disregard any inference that this witness was at all
the gunman in any way in this case.

 

DEFENSE: And because the instruction, your Honor, with
all due respect, doesn=t equal the harm that was done by that suggestion by
the prosecutor, we respectfully move for a mistrial.

 








THE COURT: Overruled.

 

Once again appellant made an
objection that was sustained with a corresponding instruction to disregard.  See
Hinojosa, 4 S.W.3d at 253.  The inquiry focuses again on whether the trial
court=s decision to deny a mistrial was an
abuse of discretion.  Hawkins, 135 S.W.3d at 77. 

We begin by analyzing the prejudicial
effect of the event.  The State contends that this statement was a mistake
based upon photos the State had in its file. According to the prosecution, Van
Bang Nguyen thought he had recognized Sundeep Majumder from a photo as the man
with the gun in the apartment.  The State asked Sundeep Majumder if he was Athe man with the gun at the apartment@ based on this information from Van
Bang Nguyen.  As the question was being asked, the State was bringing Van Bang
Nguyen to the courtroom in person to determine if he could identify Sundeep
Majumder as having been at the shooting.  Van Bang Nguyen was unable to
identify Sundeep Majumder in the courtroom, and the State withdrew the
question.  

The State=s question did not prejudice
appellant directly.  If the question had any prejudicial effect, that effect
was directed at one of appellant=s three alibi witnesses.  Sundeep Majumder=s testimony tended to support an
alibi for appellant by indicating that appellant was elsewhere at the time of
the shooting.  Sundeep Majumder was impeached by the testimony of another
witness and his testimony was challenged using evidence regarding the location
of appellant based upon usage of appellant=s cell phone on the evening of the
shooting.   This record provides no basis for concluding that the single,
erroneous question to Sundeep Majumder affected the verdict in this case
despite an instruction to disregard that question.   See Brown v. State,
692 S.W.2d 497, 501 (Tex. Crim. App. 1985) (asking an improper question is not
reversible error unless it results in obvious harm to the accused).  The effect
of the event was minimal, and the first Mosley element weighs in favor
of the State.








The second Mosley
element also weighs in favor of the State.  The trial court upheld the
objection and gave a forceful instruction to the jury to disregard. Sundeep Majumder answered the
question, and his negative answer did not incriminate him.  In addition, the
question was withdrawn before it could have any further impact.  Cf. Turner
v. State, 719 S.W.2d 190, 194 (Tex. Crim. App. 1986) (the fact that the
witness did not answer an incriminating question was one factor that negated
any harm caused by the erroneous question). 

Asking  an
improper question, without more, seldom will  mandate declaration of a mistrial
B especially when a
proper instruction cures the error.  Hernandez, 805 S.W.2d at 414.  As the Court of Criminal Appeals
has stated:

[T]he error in asking an improper question generally may be cured or
rendered harmless by the withdrawal of the question and an instruction to
disregard except in extreme cases where it appears that the question was
clearly calculated to inflame the minds of the jury and was of such character
as to suggest the impossibility of withdrawing the impression produced on the jurors= minds . . . .  In the instant
case, the record does not reflect that the prosecutor asked the question in bad
faith. The question was not so prejudicial to appellant as to render the court=s instruction to the jury
insufficient to cure the error.

 

Carrillo v. State, 591 S.W.2d 876,
892 (Tex. Crim. App. 1979); see also Hinojosa, 4 S.W.3d at 253 (jury instruction cured reference to
victim-impact testimony given in response to prosecutor=s question).  The trial court
acted within its discretion in finding that the State was acting in good faith,
and that any prejudice was mitigated by withdrawal of the question and
instructing the jury to disregard.  The second Mosley element weighs in
the State=s favor. 

The third Mosley factor
regarding certainty of conviction weighs in the State=s favor  for the same reasons as
discussed in connection with appellant=s first and second issues.  It is
unlikely that the State=s assertion that Sundeep Majumder had a gun was so damaging
that it, and not the other evidence that challenged appellant=s alibi, caused the jury to convict
appellant. 








The trial court acted
within its discretion to deny a mistrial.  Appellant=s third issue is overruled.

 

4.
        Testimony that Appellant Gave a False Name to Police in California

Appellant=s fourth issue contends that the
trial court erred in denying a mistrial after the prosecution elicited
testimony that appellant provided a false name to police when he was arrested
in California.  This testimony followed a side-bar discussion about why a police
officer  would fly to California to interview a suspected murderer and not
return with him to stand trial.  The parties disagreed about what part of the
narrative was relevant and admissible.   The following exchange took place at
trial:

THE STATE: So, Officer, who contacted you to tell you
that Vu Nguyen was out in California?

 

DEFENSE: That=s
not relevant.

 

THE COURT: Well, overruled. Just who.

 

WITNESS: The Huntington Beach Police Department. 

 

THE STATE: And why did they contact you?

 

WITNESS: Because they had arrested a person who had
provided a false name that was later identified to be the defendant in this
case.

 

DEFENSE: I object.

 

THE COURTS: Your objection is sustained.

 

DEFENSE: And we move for a mistrial.

 

THE COURT: Overruled.

 

DEFENSE: May we have an instruction, your Honor?  The
only thing relevant is that he was arrested and he was brought back here.

 








THE COURT: Sustained.

 

THE STATE: Based on defense counsel=s testimony that he was arrested and brought back here
B 

 

DEFENSE: I=m
not testifying, your Honor.

 

THE COURT: Your objection is B 

 

DEFENSE: You just asked us to play nice.  I=m trying to B 

 

THE STATE: Oh, objection, Judge.

 

THE COURT: All right. Just ask a simple question. And
try to just answer just the question, please.

 

Once again appellant made an
objection that was sustained, and appellant=s counsel sought a corresponding
instruction to disregard that was approved.  We review the trial court=s denial of a mistrial for abuse of
discretion.  Hawkins, 135 S.W.3d at 77.

 Appellant contends this testimony
improperly injected evidence of an extraneous offense.[3] 
Appellant contends that this Atestimony was especially prejudicial because it suggested
that [appellant] lacked credibility, that he knew he was wanted for murder, and
that he was trying to avoid detection.@








At the time of the contested
exchange, the jury did not know that appellant gave a false name when he was
arrested by police in Huntington Beach, California.  The trial court sustained
the objection and instructed the jury to disregard it, and we once again apply
the Mosley test. 

We begin by analyzing the prejudicial
effect of the event.  It is doubtful whether the giving of a false name adds
any significant prejudice to the information that the jury already possessed
and was allowed to consider.  Evidence regarding the arrest and extradition of
appellant from California B following his abandonment of a business in Houston and
sudden flight to California B already was before the jury.  Evidence of having given a
false name was at most cumulative of evidence that appellant fled to California
because both circumstances pointed to a desire to avoid arrest.  See Yost v.
State, 222 S.W.3d 865, 875 (Tex. App.CHouston [14th Dist.] 2007, pet.
denied) (giving a false identity and moving a distance away from a crime is
evidence that supports an inference of avoiding arrest).  Cumulative evidence
provides no basis for reversal.  See Frank v. State, 90 S.W.3d 771,
805-06 (Tex. App.CFort Worth 2002, no pet.) (because the complained-of testimony was
mostly cumulative of other evidence introduced in the case, no harm attached); Mack v. State, 928 S.W.2d 219, 225
(Tex. App.CAustin 1996, pet. ref=d) (error is not
reversible Aif other evidence at trial is
admitted without objection and it proves the same fact or facts that the
inadmissible evidence sought to prove@).








The second Mosley element also
weighs in favor of the State.  The trial court upheld the objection and
instructed the jury to disregard the testimony.  While the fact that appellant
gave a false name when arrested in California became known to the jury, the
jury was properly instructed to disregard this fact.  Even if this testimony
improperly introduced evidence of an extraneous offense, an instruction to the
jury to disregard cured the harm from a non-responsive answer by a State
witness.  See Moody v. State, 827 S.W.2d 875, 890 (Tex. Crim. App.
1992) (AExcept in extreme
cases, if the trial court sustains a timely objection and instructs the jury to
disregard an improper response referring to an extraneous offense, the error is
cured@); Fuller v. State, 827 S.W.2d 919, 926 (Tex. Crim.
App. 1992) (police officer=s reference to defendant=s prior incarceration cured by jury
instruction); Tennard v. State, 802 S.W.2d 678, 685 (Tex. Crim. App.
1990) (AEven where such
prejudicial information is inadvertently placed before a jury, the general rule
is still that an instruction by the trial judge to the jury to disregard such
answer will be sufficient to cure any unresponsive answer@). 

In the case before us, the State did
not specifically solicit the information provided by Officer Miller, nor did
the State repeat that information to its benefit.  Given the presumption that
any prejudice was cured by a proper ruling and instruction, the second Mosley
factor weighs in favor of the State.

As for the third Mosely factor,
appellant contends the Atestimony was especially prejudicial because it suggested
that [appellant] lacked credibility, that he knew he was wanted for murder, and
that he was trying to avoid detection.@  Appellant suggests that this
evidence could have compelled a jury to find appellant guilty.  But the
appellant fails to note that evidence of flight already was before the jury,
and it is unlikely that the false name added significantly to the facts already
known to the jurors.  The third Mosley factor weighs in favor of the
State, and the trial court was within its discretion to deny the motion for a
mistrial.

Appellant=s fourth issue is overruled.

Appellant=s fifth issue contends that the trial
court erred in denying a mistrial under the doctrine of cumulative error. 
Appellant points to Chamberlain v. State, 998 S.W.2d 230 (Tex. Crim.
App. 1999), for the proposition that the cumulative effect of errors can
warrant reversal.  In Chamberlain, however, the court was looking at
constitutional violations of due process and due course of law, and having
found no errors, determined that non-errors collectively could not constitute
cumulative error.  Id. at 238.  Here, the trial court did not commit
error in its rulings on the objections, and it provided ample instruction to
the jury to guide its deliberations and decision-making.  








Because the trial court did not abuse
its discretion on any individual ruling, we cannot find that the cumulative
nature of its correct rulings warrants reversal.[4]


Appellant=s fifth issue is overruled  

The trial court=s judgment is affirmed.

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed May 29, 2008.

Panel consists of Chief Justice
Hedges, and Justices Fowler and Boyce.

Do not publish C Tex. R. App. P. 47.2(b).

 

 

 









[1]           Appellant is not related to Van Bang Nguyen
or the decedent, Hung Nguyen.





[2]           The ellipsis signals the omission of the
trial court=s ruling on the prosecutor=s objection BAoverruled@ B which occurred
as the State and the trial court apparently were speaking simultaneously.





[3]           On appeal, appellant contends that the
testimony given by Officer Miller violated a motion in limine, but a motion in
limine does not preserve specific grounds for an objection not reiterated in
the trial court.  See Roberts v. State, 220 S.W.3d 521, 533 (Tex. Crim.
App. 2007).  Appellant also points to two cases for the proposition that
introduction of extraneous wrongs constitutes reversible error mandating a new
trial.  Appellant=s reliance on these cases is misplaced.  In Robinette
v. State, 816 S.W.2d 817, 818 (Tex. App.CEastland
1991, no pet.), the court applied a harm analysis, holding: AWe cannot conclude beyond a reasonable doubt that the
error made no contribution to the conviction or to the punishment.@   This is not the standard here.  When the trial
court upholds the defense objection and gives an instruction to disregard, the
only possible error on appeal is the denial of a mistrial.  Archie, 221
S.W.3d at 699-700; see also Hawkins, 135 S.W.3d at 77.  Appellant also
points to Stratham v. State, 683 S.W.2d 89 (Tex. App.CDallas 1984, no pet.).  In Startham, the State
attempted to cross-examine the defendant about alleged shoplifting at Target.  Id.
at 90.  The defense objected, but the trial court overruled its objection. Id. 
Startham is inapplicable because the trial court erred in failing to
sustain the objection and failed to instruct the jury to disregard.  Here, the
trial court did both.





[4]           Chamberlain cites Stahl v. State,
749 S.W.2d 826 (Tex. Crim. App. 1988). In Stahl, the error constituted a
combination of improper prosecutorial arguments and outbursts by the victim=s mother.  Stahl, 749 S.W.2d at 828.  This
combination, coupled with blatant prosecutorial misconduct, was beyond the
curative power of a jury instruction.  Id.  The court found that the
outbursts should have been anticipated, were in part provoked by the
prosecutor, and were referenced in improper arguments by the prosecutor. Id.
at 829-30.  These circumstances are not present here.